Filing # 251820862 E-Filed 07/06/2026 01:55:18 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

JOAN SHAPIRO,                                    CASE NO:

        Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION,

        Defendant.

_____/

## **COMPLAINT**

Plaintiff, JOAN SHAPIRO, by and through the undersigned counsel, hereby sues the Defendant, COSTCO WHOLESALE CORPORATION and states:

1. This is an action for damages that exceeds Fifty Thousand Dollars ($50,000.00) exclusive of interest, costs and attorney's fees.

2. At all times material hereto, the Plaintiff, JOAN SHAPIRO, was and is a resident of Palm Beach County, Florida.

3. At all times material hereto, the Defendant, COSTCO WHOLESALE CORPORATION, was and is a foreign corporation authorized to conduct and is conducting business in the State of Florida that owned, operated, and controlled a commercial property known as the Costco Wholesale warehouse located at 3250 Northlake Boulevard, Palm Beach County, Florida.

4. On the afternoon of October 22, 2024, at approximately 1:45 PM, the Plaintiff was a business invitee of the Costco Wholesale warehouse located at 3250 Northlake Boulevard, Palm Beach County, Florida.

EXHIBIT A

Page 2

5.     As the Plaintiff entered the store through the returns entrance, she slipped and fell on rainwater that had accumulated on the floor.

6.     Subsequent investigation revealed that the water on the floor was the result of rainwater that had been tracked into and/or had otherwise accumulated on the floor at the store's entrance during and/or following rainfall that day, and that the water remained on the floor, unaddressed and unmarked, while the store was open to customers.

7.     Immediately after the Plaintiff's fall, a Costco employee arrived with a squeegee to remove the water that had accumulated on the floor.

8.     This dangerous condition was known, and/or should have been known to the Defendant.

## COUNT I – NEGLIGENCE AGAINST THE DEFENDANT

9.     Plaintiff adopts and re-alleges paragraphs 1-8 as though fully set forth herein.

10.     At all times material hereto, the Defendant was the owner and operator of the subject premises and had a legal duty to use reasonable care in maintaining its premises. The Defendant had a non-delegable duty to maintain its premises in a reasonably safe condition and prevent harm or injury to business invitees of the premises.

11.     At all times material hereto, the Defendant breached that duty by failing and/or neglecting to remove the accumulation of rainwater on the floor at the store's entrance and/or by failing to place mats, cones, or adequate warning signs of the dangerous condition.  The Defendant should have taken all precautions to remedy the dangerous condition existing on the entranceway's floor.

Page 3

12.     Defendant knew, or should have known, that the rainfall that day had caused and/or would cause water to accumulate on the floor at its high-traffic customer entrance, thereby creating a dangerous condition for customers entering the store during active business hours. The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the Defendant should have known of the condition.

13.     In the alternative, this condition occurred with regularity and was therefore foreseeable.

14.     Despite having actual and/or constructive knowledge of the hazardous condition of accumulated water at its entrance, it continued to allow customers to enter the store through that entrance without warning or remediation.

15.     Defendant failed to take proper precautionary measures to address the water accumulation and further failed to warn customers of the hazardous condition prior to the Plaintiff's encounter.

16.     As a direct and proximate result of the Defendant's negligence, Plaintiff stepped on water that had accumulated on the floor causing her to slip, fall and sustain permanent injuries.

17.     As a result of the negligence of Defendant, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of an existing disease or physical defect or activation of a latent disease or physical defect. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

Page 4

WHEREFORE, Plaintiff demands judgment for damages against the Defendant COSTCO WHOLESALE CORPORATION for the full value of her damages in excess of fifty thousand dollars ($50,000.00), and also demands taxable costs and trial by jury.

## DEMAND FOR JURY TRIAL

A trial by jury is demanded on all issues so triable.

Dated this 6th day of July, 2026.

*/s/ Matthew K. Schwencke*

MATTHEW K. SCHWENCKE
Florida Bar No.: 057132
Primary E-Mail: schwencketeam@searcylaw.com
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Phone:  (561) 686-6300
Fax:    (561) 383-9441
Attorney for Plaintiff